Robert L. **SHERWOOD**, Plaintiff and Appellant,

v.

**MIDLAND NATIONAL LIFE INSURANCE COMPANY**, Defendant and Respondent.

No. 14562.

Supreme Court of Utah.

Jan. 28, 1977.

---

1. Section 17–16–7, U.C.A. 1953.

Robert J. Schumacker, King & Schumacker, Salt Lake City, for plaintiff and appellant.

Edward M. Garrett, Hanson & Garrett, Salt Lake City, for defendant and respondent.

**WILKINS, Justice:**

Plaintiff Robert L. Sherwood (herein "Sherwood") commenced this action in the District Court in and for Salt Lake County to collect benefits under a policy of disability insurance written by the Defendant Midland National Life Insurance Company (herein "Midland"). Midland moved for summary judgment on the basis that Sherwood's amended complaint and exhibits attached to his complaint presented

> . . . no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . . [1]

These exhibits include a copy of the policy, a late payment offer, and receipt for payment on said policy dated March 27, 1974.

The policy was issued on April 12, 1973 and premiums were paid thereon. On February 12, 1974 a quarterly premium became due but was not paid. The policy contains a provision which reads:

> Unless the Company has given notice of its intention not to renew this Policy as provided on the face of the Policy, a

grace period of 31 days will be granted for the payment of each premium falling due after the first premium, during which grace period the Policy shall continue in force..

On March 25, 1974, Sherwood suffered a disabling heart attack and was confined to a hospital. On March 25, 1974 someone, on Sherwood's behalf, went to the officer of Midland's local agent, Robert Leonard, paid the quarterly premium and obtained a receipt therefor.

At the end of the grace period, viz., March 15, 1974, Midland sent to its local agent, Mr. Leonard, a document entitled "Late Payment Offer," and Mr. Leonard forwarded this offer to Sherwood on or before March 27, 1974. The offer stated, inter alia, in regular print:

> YOU DON'T PAY INTEREST, PROVE INSURABILITY, FILL OUT FORMS . . . THIS OFFER IS SUBJECT TO THE CONDITIONS ON THE REVERSE SIDE . . . YOUR GRACE PERIOD EXPIRED 30 DAYS AFTER THE DUE DATE SHOWN, BUT THIS OFFER GIVES YOU AN ADDITIONAL FIFTEEN DAYS TO PAY. . . . IF ALL PERSONS INSURED ARE STILL ALIVE. . . . ACT NOW—PAYMENT AFTER DEATH WILL BE TOO LATE.

Additionally, in ink, the offer stated: "*Bob Disability Ins is Due*." (Emphasis in original.) Also, the reverse side of this offer listed no conditions nor any writing nor printing; it was blank.

The policy in this matter also contains a provision as follows:

> REINSTATEMENT. If any renewal premium is not paid within the time granted the Insured for payment, a subsequent acceptance of premium by the Company or by an agent duly authorized by the Company to accept such premium, without requiring an application for reinstatement, will reinstate the Policy; provided, however, that if the Company or

---

1. Rule 56(c), Utah Rules of Civil Procedure.

such agent requires an application for reinstatement and issues a conditional receipt for the premium tendered, the Policy will be reinstated upon approval of the such application. . . . The reinstated policy shall cover only loss resulting from such . . . sickness as may be sustained as may begin more than five days after such date. . . .

The issue in this case is whether the policy had lapsed and therefore the provisions pertaining to reinstatement control or whether an extension of time (15 days) had been granted by Midland to Sherwood after expiration of the grace period by the late payment offer thereby allowing payment of the premium during that period of extension. We hold that Sherwood was granted an extension, paid his premium during that time, and that no forfeiture of the policy occurred.

The language of the late payment offer was not murky or cryptic; on the contrary, it was direct, simple, and clear. The only significant conditions specified in that offer were: that payment of the premium be made before its expiration (and it was paid) and that "all persons insured are still alive" (and Sherwood—the only insured—is alive). See *6 Couch On Insurance 2d* where it stated:

> An extension of time simply amounts to an agreement not to enforce a forfeiture if the premium is paid within the extended time; it postpones payment for that period, and does not constitute a waiver of forfeiture, or excuse payment, . . . .. [Sec. 32:114 at page 333.]

> Where an extension of time is granted by the insurer, it is thereafter bound by such extension. . . . additional conditions therefor cannot be thereafter imposed by the insurer. . . . [Id.]

> . . . a provision as to extension of time for payment of premiums is to be liberally construed in favor of the insured. . . . [Sec. 32:115 at page 334.]

Midland contends that acceptance of the premium after the date specified in the policy for its payment (which of course includes the grace period) does not provide retroactive coverage but only coverage after reinstatement plus five days. We do not quarrel with this contention as a general proposition. We hold though that the provisions concerning reinstatement, (both statutory and which exist in the Policy) as well as contentions which both parties address concerning waiver, estoppel, and payment of the premium two days after Sherwood's illness without knowledge by Midland of the illness are not applicable in this matter. The policy was never "out of force." Rather the continuum of coverage persisted without attenuation or interruption after the grace period and beyond the date of payment of the premium on March 27, 1974.

Reversed and remanded to District Court for appropriate action not inconsistent with this opinion. Costs to Sherwood.

ELLETT, C. J., and MAUGHAN, CROCKETT and HALL, JJ., concur.